MICHAEL J. PORRAZZO – USB 16717
MATTHEW W. GOBLE – USB 15846
**WILLIAM RAWLINGS & ASSOCIATES**
11576 S. State St., Suite 401
Draper, Utah 84020
Telephone: (801) 553-0505
Facsimile: (801) 495-2122
mporrazzo@rawlingslaw.com
mgoble@rawlingslaw.com
rjones@rawlingslaw.com
*Attorneys for Plaintiffs*

IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE DISTRICT OF UTAH – NORTHERN DIVISION

| | |
|---|---|
| LAURA SKIDMORE and FARRELL SKIDMORE,<br><br>Plaintiffs,<br>v.<br><br>UNITED STATES DEPARTMENT OF AGRICULTURE, UNITED STATES FOREST SERVICE; SNOWBASIN RESORT COMPANY; and JOHN DOES 1-50, inclusive,<br><br>Defendants. | COMPLAINT<br><br>Case No.:<br><br>Judge: |

Plaintiffs, by and through counsel, hereby complain against Defendants and for causes of action allege the following:

## PARTIES

1. Plaintiff Laura Skidmore at all relevant times was a citizen of the State of Utah, County of Davis.

2. Plaintiff Farrell Skidmore at all relevant times was a citizen of the State of Utah, County of Davis.

3. Defendant United State Department of Agriculture, United States Forest Service (hereinafter "USFS") is headquartered in Washington, D.C. and is an agency of the United States.

4. Defendant Snowbasin Resort Company (hereinafter "Snowbasin") is a corporation duly organized in the State of Wyoming, with its principal place of business in Weber County, State of Utah.

5. The true names and capacities of John Does 1-50, inclusive, are unknown to Plaintiffs who, therefore, sue said Defendants by such fictitious names. Upon information and belief, Plaintiff alleges that each of the Defendants designated herein as fictitiously named Defendants is in some manner responsible for the events and happenings herein referred to and caused the damage to Plaintiffs herein alleged. Plaintiffs will amend this Complaint to allege such true names and capacities when these facts are ascertained.

**JURISDICTION & VENUE**

6. All events giving rise to this Complaint occurred in Weber County, Utah.

7. This action is brought pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§1346(b), 2671 et seq., against USFS, which vests exclusive subject matter jurisdiction of federal tort claims in the Federal District Court.

8. The court has supplemental jurisdiction over the claims against Snowbasin and John Does 1-50 pursuant to 28 U.S.C. §1367(a).

9. An administrative claim under the FTCA was presented on September 15, 2022, and has been left without action by the agency (USFS) for more than six months. Therefore, this action is proper under 28 U.S.C. §2675.

10. Venue is proper under 28 U.S.C. §1402(b).

11. The amount in controversy in this action, exclusive of interest and costs, is at least $2,100,000.00 collectively for both Plaintiffs.

**GENERAL ALLEGATIONS**

12. On or about October 4, 2020, Plaintiffs, Laura Skidmore and her husband, Farrell Skidmore, were hiking at Snowbasin Resort near the Green Pond trailhead, which is USFS land in the Wasatch-Cashe National Forest.

13. Approximately one quarter mile from the trailhead, there are wood planks designed as a boardwalk that covers a wet, marshy area of the trail.

14. As Ms. Skidmore walked along the boardwalk, she stepped on a wood plank that completely detached from the substructure, which caused Ms. Skidmore to trip and fall.

15. Ms. Skidmore crashed to the ground in a violent fall, landing on her right shoulder and slamming her head and face onto the ground.

16. Mr. Skidmore was present at the time and witnessed the entire incident.

17. At the time of the incident giving rise to this Complaint, nearly all of the boardwalk planks were in poor condition and in need of repair.

18. Several months after the subject incident giving rise to this Complaint, the subject boardwalk planks and substructure were replaced with brand new wood and perfect-fitting planks.

19. As a direct and proximate result of this incident, stemming from Defendants' (and all of them) negligent acts and/or omissions, Plaintiff, Laura Skidmore, suffered severe damages and personal injuries, including, without limitation, injury to her right shoulder, head, face, mouth, neck, back, the entire right side of her body, and such other injuries as the evidence will show at trial.

20. As a direct and proximate result of this incident, to date, Plaintiff Laura Skidmore has incurred expenses for necessary past medical care of at least $98,142.58. Further, Plaintiff has incurred, and will continue to incur, economic damages, including, without limitation, reasonable and necessary past and future medical expenses, loss of household services, and other economic damages as the evidence may show at trial.

21. As a direct and proximate result of this incident, Plaintiff, Laura Skidmore, sustained, and will continue to sustain, non-economic damages, including, without limitation, pain and suffering, emotional distress and mental anguish, scarring and disfigurement, loss of enjoyment, and other non-economic damages as recoverable by law.

### FIRST CLAIM OF RELIEF
(Negligence)

22. Plaintiff incorporates all preceding paragraphs herein and further alleges the following:

23. Defendants, and all of them, owned, operated, possessed, leased, subleased, maintained and/or controlled the Green Pond trail at Snowbasin and the boardwalk upon which Ms. Skidmore's injury occurred.

24. The Green Pond trail system was open to the public.

25. As a result, Defendants', by and through their agents, employees, assignees, owners, managers, and/or superintendents, owed a duty of care to Plaintiff to maintain and keep in safe repair the boardwalk and trail system.

26. Defendants breached this duty of care and acted negligently in one or more of the following ways:

   a. By allowing the boardwalk and trail system to fall into disrepair;

   b. By not properly inspecting the boardwalk and trail system;

   c. By failing to maintain and make necessary repairs to the boardwalk and trail system;

   d. By not warning the public, including Plaintiffs, of the dangerous condition; and/or

   e. Any other acts and/or omissions that may later be discovered.

27. Defendants' breach of this duty of care constitutes negligence.

28. As a direct and proximate result of Defendants' negligence, Plaintiffs Laura and Farrell Skidmore sustained the damages described herein.

## SECOND CLAIM FOR RELIEF

### (Gross Negligence)

29. Plaintiffs incorporate all preceding paragraphs herein and further alleges the following:

30. Defendants, and all of them, owed a duty of care to Plaintiffs and all members of the public using their trail system.

31. Defendants, and all of them, breached its duty of care owed to Plaintiffs and displayed a degree of recklessness that manifested an utter indifference to and disregard for the consequences of its actions and safety of its patrons.

32. Defendants, and all of them, were grossly negligent in at least the following respects together with such additional circumstances as shall be established through discovery in this matter:

    a. Failing to warn Plaintiffs and other members of the public of a known danger;

    b. Failing to take reasonable precautions to protect the public, including Plaintiffs, from a specific and known risk of harm;

    c. Failing to inspect, repair, and/or maintain the boardwalk and trail system in a safe manner;

    d. Failing to design, create, and/or install a boardwalk system in such a way to prevent boards from becoming detached from their substructure, creating a tripping hazard;

    e. Failing to act in ways necessary to not be grossly negligent in such additional manners as will be established through discovery or proof at the time of trial.

33. Defendants' negligence was the proximate cause of Plaintiffs' injuries which resulted in serious pain, suffering, disfigurement, psychological trauma, and emotional distress.

### THIRD CLAIM FOR RELIEF

**(Res Ipsa Loquitur)**

34. Plaintiffs incorporate all preceding paragraphs herein and further alleges the following:

35. The subject incident giving rise to this lawsuit is the type of incident that would not normally occur but for Defendants' negligence.

36. Plaintiff's actions were not primarily responsible for Plaintiff's damages.

37. The boardwalk and trail system causing Plaintiffs' damages were within Defendants' exclusive control and management.

38. Defendants are, therefore, liable under the doctrine of res ipsa loquitur.

## FOURTH CLAIM FOR RELIEF

### (Loss of Consortium as to Plaintiff Farrell Skidmore)

39. Plaintiffs incorporate all preceding paragraphs herein and further alleges the following:

40. As a direct and proximate result of the negligence of Defendants and John Does 1-50, inclusive, individually and collectively, Plaintiff Farrell Skidmore has been deprived of the comfort, society, services and conjugal affection of his wife, Plaintiff Laura Skidmore, and Plaintiff Farrell Skidmore will continue to be so deprived and damaged in the future, as his wife's injuries are permanent in nature.

41. As a further direct and proximate cause, Plaintiff Farrell Skidmore's duties and responsibilities and assistance to his wife was substantially increased due to the extent and severity of the injuries sustained by Plaintiff Laura Skidmore.

42. All of Plaintiff Farrell Skidmore's damages will be subject to proof at the time of trial.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for a judgment against Defendants in an amount to be determined by the trier of fact for the following damages, which will be sufficient to satisfy the jurisdictional requirements of this court.

1. For economic damages, including all medical and incidental expenses, in an amount to be alleged and proven at trial;
2. For non-economic damages in an amount to be alleged and proven at trial;
3. For costs of suit incurred herein;
4. For pre-judgment interest; and
5. For any other further legal and/or equitable relief deemed just and proper by the Court..

DATED this 11th day of September, 2023.

WILLIAM RAWLINGS & ASSOCIATES

*/s/ **Michael J. Porrazzo***
Michael J. Porrazzo
*Attorney for Plaintiff*

**Address for Plaintiffs:**

Laura & Farrell Skidmore
c/o William Rawlings & Associates
11576 South State St., # 401
Draper, Utah  84020