UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| LAURA SKIDMORE and FARRELL SKIDMORE,<br><br>     Plaintiffs,<br><br>v.<br><br>SNOWBASIN RESORT COMPANY; and JOHN DOES 1-50, inclusive,<br><br>     Defendants. | **MEMORANDUM DECISION AND ORDER DECLINING TO EXERCISE SUPPLEMENTAL JURISDICTION AND DISMISSING CASE**<br><br>Case No. 1:23-cv-00102-DBB-DAO<br><br>District Judge David Barlow |

**BACKGROUND**

This case involves allegations that Ms. Laura Skidmore was injured when she tripped and fell on a loose board while hiking on a trail on Defendant Snowbasin Resort Company's ("Snowbasin") property.[1] The action was originally brought in this court pursuant to the Federal Tort Claims Act because the United States and the United States Forest Service were named as defendants.[2] All United States Defendants were subsequently dismissed.[3]

No federal claims remain against Snowbasin,[4] and the parties were not diverse as required by 28 U.S.C. § 1332 at the time the case was filed.[5] On November 4, 2025, Snowbasin

---

[1] *See* First Amended Complaint ("Amended Compl."), ECF No. 13, filed Fed. 9, 2024.
[2] *Id*. ¶¶ 8–9.
[3] *See* Notice of USFS Dismissal, ECF No. 29, entered Apr. 18, 2024; Notice of USA Dismissal, ECF No. 40, entered Mar. 24, 2025; *see also* Snowbasin's Amended Response Re: Federal Subject Matter Jurisdiction ("Amended Snowbasin Jurisdiction Response") 2, ECF No. 72, filed Apr. 23, 2026.
[4] Amended Compl. ¶¶ 23–43.
[5] *Id*. ¶¶ 1–2, 5; 28 U.S.C.A. § 1332(a)(1).

1

filed a motion for summary judgment in part on the grounds that it is statutorily immune from Plaintiffs' claims under Utah Code § 57-14-202, the Utah Limitations on Landowner Liability Act.[6] On April 1, 2026, the court ordered the parties to file briefs explaining whether any independent basis for jurisdiction remains in this case aside from supplemental jurisdiction and, if not, whether the court should continue to exercise supplemental jurisdiction over the claims against Snowbasin.[7] The parties initially asserted that the court has diversity jurisdiction over the action,[8] but Defendant later conceded that such diversity did not exist at the time the lawsuit was filed.[9] Nevertheless, Snowbasin asks the court to exercise supplemental jurisdiction because discovery has concluded, a dispositive motion is fully briefed, the case has been pending for over two years, and the case does not involve novel state legal issues.[10]

## STANDARD

United States district courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States."[11] In any civil action where a district court has original jurisdiction based on a federal question, that court also has "supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy."[12] When a court dismisses "all claims over which it has original jurisdiction," it may "decline to exercise supplemental

---

[6] Motion for Summary Judgment ("MSJ") 2, ECF No. 46, filed Nov. 4, 2026.
[7] Jurisdiction Order, ECF No. 68, entered Apr. 1, 2026.
[8] Plaintiff's Responsive Brief to Notice of Remand ("Skidmore Jurisdiction Response") 5, ECF No. 69, filed Apr. 22, 2026; Defendant's Response Re: Federal Subject Matter Jurisdiction ("Snowbasin Jurisdiction Response") 1, ECF No. 70, filed Apr. 22, 2026.
[9] Amended Snowbasin Jurisdiction Response 2.
[10] *Id.* at 3.
[11] 28 U.S.C.A. § 1331.
[12] 28 U.S.C.A. § 1367(a).

jurisdiction" over the remaining claims.[13] The exercise of supplemental jurisdiction "is not a matter of the litigants' right, but of judicial discretion."[14]

## DISCUSSION

As noted above, when "all claims over which it has original jurisdiction" have been dismissed, a district court may decline to exercise supplemental jurisdiction over the remaining claims. The Supreme Court has stated that, if "federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well."[15] Similarly, the Tenth Circuit has held that "[w]hen all federal claims have been dismissed, the court may, and usually should, decline to exercise jurisdiction over any remaining state claims."[16] However, while "notions of comity and federalism demand that a state court try its own lawsuits," a district court may exercise its discretion to retain state law claims when, "given the nature and extent of pretrial proceedings, judicial economy, convenience, and fairness would be served by retaining jurisdiction."[17]

In this case, trial is not imminent, and no trial date has been requested or set. Therefore, under Supreme Court and Tenth Circuit guidance, the court should decline to exercise supplemental jurisdiction unless other considerations of fairness, convenience, or judicial economy weigh against dismissal. As Snowbasin states, this case has been pending before the court for over two years.[18] However, Snowbasin also acknowledges that fact and expert

---

[13] 28 U.S.C.A. § 1367(c).
[14] *Est. of Harshman v. Jackson Hole Mountain Resort Corp.*, 379 F.3d 1161, 1165 (10th Cir. 2004).
[15] *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966).
[16] *Smith v. City of Enid By & Through Enid City Comm'n*, 149 F.3d 1151, 1156 (10th Cir. 1998).
[17] *Thatcher Enters. v. Cache Cnty. Corp.*, 902 F.2d 1472, 1478 (10th Cir. 1990).
[18] Amended Snowbasin Jurisdiction Response 3.

discovery were completed during that time.[19] There is no indication that the discovery completed so far would not be usable in a subsequent state action. The work the parties have done and the progress made in this case will not disappear if this matter moves to state court. There is also no indication that this matter would be significantly delayed if it were to proceed in state court. By statute, Plaintiffs would have thirty days from a dismissal here to refile in state court.[20] The refiled case could quickly proceed to its conclusion based on the discovery and motion work already accomplished here. In sum, declining to exercise supplemental jurisdiction would not significantly inconvenience or prejudice the parties, and judicial economy would not be substantially served by retaining jurisdiction.

Additionally, the issues raised in the pending Motion for Summary Judgment weigh heavily in favor of declining to exercise supplemental jurisdiction. Among other questions, the parties dispute whether Utah's Limitations on Landowner Liability Act provides Defendant with statutory immunity against Plaintiffs' claims arising out of the land in question.[21] The Utah Supreme Court in *De Baritault v. Salt Lake City Corporation* established some necessary characteristics for land to qualify for immunity under the Act,[22] but the correct application of those characteristics is not fully settled. In fact, much of the parties' briefing on this issue relies on two separate federal cases that examined the same plot of land within a few months of each

---

[19] *Id.*

[20] 28 U.S.C.A. § 1367(d).

[21] MSJ 7, 9; Response to Motion for Summary Judgment ("Opp'n") 13, ECF No. 55, filed Dec. 16, 2025.

[22] *De Baritault v. Salt Lake City Corp.*, 913 P.2d 743, 748 (Utah 1996) ("[I]n Utah and in other jurisdictions, the courts which have focused on the land itself have found some combination of the following characteristics prerequisite to immunity under the recreational use statutes: (1) rural, (2) undeveloped, (3) appropriate for the type of activities listed in the statute, (4) open to the general public without charge, and (5) a type of land that would have been opened in response to the statute.").

other and reached opposite immunity conclusions using the *De Baritault* characteristics.[23] The Supreme Court has stated that "[n]eedless decisions of state law should be avoided both as a matter of comity" and to procure for the parties a "a surer-footed reading of applicable law."[24] Federal district court cases interpreting state law bind no one other than the parties before the court. By contrast, if the parties pursue their competing interpretations of Utah law in Utah state court, they preserve the ability to appeal to Utah appellate courts, where decisions that bind more broadly or clarify the law may be issued, thus advancing Utah state law. Here, the issue is most properly decided in Utah state court for all of these reasons. The record does not show that prejudice, unfairness, or significant delay will result. Accordingly, the court declines to exercise supplemental jurisdiction over Plaintiffs' remaining state-law claims.

**ORDER**

Plaintiffs' claims are DISMISSED without prejudice.

Signed May 5, 2026.

BY THE COURT

_____

David Barlow
United States District Judge

---

[23] *See* MSJ 10 (discussing *Sulzen ex rel. Holton v. United States*, 54 F. Supp. 2d 1212, 1215 (D. Utah 1999) and *Figueroa v. United States*, 64 F. Supp. 2d 1125, 1140 (D. Utah 1999)); Opp'n 14, 16 (same).
[24] *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966).